Arnold G. Fraiman, J.
Defendant’s motion pursuant to CPLR 4404 (subd. [a]) to set aside the verdict of the jury and for other relief is granted only insofar as it is addressed .to that part of the verdict which awarded damages to the plaintiff based on her causes of action asserted under the Federal Boiler Inspection Act (U. S. Code, tit. 45, § 23 et seq.). The court sets aside so much of the jury’s verdict as finds for the plaintiff on her causes of action under the Boiler Inspection Act and directs that judgment be returned in favor of defendant as a matter of law on those causes of action. Otherwise defendant’s motion is in all respects denied.
The Boiler Inspection Act imposes absolute liability upon a defendant railroad if an employee of that railroad sustains an injury which is caused ‘ ‘ in whole or in part ” by a defect in a locomotive, its boiler, tender or any part or appurtenance thereof. (See, e.g., Holfester v. Long Is. R. R. Co., 360 F. 2d 369 [C. A. 2d, 1966].) In the present case, there was testimony from the fireman on .the engine which struck and killed plaintiff’s decedent that it was his duty to maintain a constant lookout on his side of the track; that the view of the engineer of the fireman’s side of the track was obstructed when the engine was proceeding backwards, the direction in which it was moving at the time of the accident; and that the work the engine was performing was such that it was not in constant motion during the time immediately preceding the accident, but was frequently stopped for short periods, at which time the fireman presumably had no specific duties. He further testified that immediately before the accident, and while the engine was in motion, proceeding backwards, he felt a chill and attempted to shut a sliding window on his side of the engine. When he was facing to the rear — the position he was in just before the accident — this window normally could be closed by reaching out with his right hand and sliding the movable part forward. However, in this *1070 instance, the sliding part of the window was stuck and he was unable to slide it forward as described. He thereupon swung around 180 degrees in his chair and yanked it shut with both hands. The deceased was struck by the engine on the fireman’s side of the .track, while the fireman was still facing in the opposite direction from that in which the engine was moving, and from that in which he was required to maintain a lookout.
The Boiler Inspection Act has been construed to encompass a wide variety of defects. (See, e.g., Lilly v. Grand Trunk R. R. Co., 317 U. S. 481 [1943]; cf. Calabritto v. New York, New Haven & Hartford R. R. Co., 287 F. 2d 394 [C. A. 2d, 1961].) However, in every case where the act has been held to apply, the defective item or condition constituted a source of danger in and of itself. In the present case, in contrast, it can hardly be argued that the jammed window constituted any such source of danger which contributed to the death of plaintiff’s decedent. Rather, it was the intervening action of the fireman, in turning around 180 degrees to shut the window, while the train was in motion, and when he was under a duty to maintain a lookout, that may have contributed to decedent’s death. This conduct on his part was so unreasonable and unforeseeable as to remove the case from the Boiler Inspection Act. The court finds, as a matter of law, that the defective window itself did not contribute “ in whole or in part ” to the happening of the accident. Accordingly, judgment will be entered for the defendant with respect to plaintiff’s causes of action under the Boiler Inspection Act.
As to plaintiff’s causes of action under the Federal Employers’ Liability Act (U. S. Code, tit. 45, § 51 et seq.), there was ample evidence to support the jury’s verdict, and the award of damages was not excessive under the particular circumstances of this case. Moreover, I do not believe that the fact that the causes of action under the Boiler Inspection Act were submitted to the jury invalidates in any way the jury’s findings with respect to the plaintiff’s other causes of action.